A. L. Tuska & Co., Inc. v. United States

**No. 4661.**—Invoices dated Kobe, Japan, March 3, 1937, etc.
Certified March 4, 1937, etc.
Entered at New York April 7, 1937, etc.
Entry No. 850786/2, etc.

(Decided October 19, 1939)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

EVANS, Judge: These appeals to reappraisement have been submitted for decision upon stipulation of counsel for the parties hereto.

IT IS HEREBY STIPULATED AND AGREED by the attorneys of the parties hereto that the merchandise covered by the instant appeals to reappraisement consists of glassware from Japan.

That the issue involved is similar in all material respects as that involved in reappraisement decision 4468 wherein it was held that inland freight from the place of production to the place of shipment was not part of the dutiable value.

IT IS FURTHER STIPULATED AND AGREED that the merchandise covered by the instant appeals to reappraisement on or about the date of exportation was freely offered for sale packed, ready for delivery to all purchasers in the usual wholesale quantity for export to the United States at the prices found by the appraiser less inland freight from the place of production to the place of shipment as stated on the invoices, and that the foreign market value was no higher.

That the record in reappraisement decision 4468 be incorporated herein, the appeals abandoned in all respects except as hereinbefore stated and submitted on the record in Reappraisement Decision 4468 and this stipulation.

In harmony with the stipulation, I find that the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are as set forth above. Judgment will be rendered accordingly.